IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MENPHREY DOUGLAS McGEE,

    Plaintiff,

v.

STATE OF OREGON CIRCUIT COURT,

    Defendant.

Case No. 3:19-cv-01154-JR

ORDER TO DISMISS

MOSMAN, Judge.

Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## **BACKGROUND**

In the caption of his Complaint, plaintiff identifies the Defendant as "State of Oregon Circuit Court." At pages 2-3 however, he identifies the following Defendants: Multnomah County Circuit

1 - ORDER TO DISMISS

Court, State of Oregon Attorney General, Multnomah County District Attorney, and C.A.R.E.S. Northwest. The substance of plaintiff's Complaint is not a model of clarity. He alleges violation of his rights under the Sixth, Eighth, and Fourteenth Amendments, as well as Oregon state law. Plaintiff alleges he suffered "injury to reputation and loss of property" and "mental health neglected, severe PTSD and depression." By way of relief, plaintiff asks the Court to "order default Judgment on plaintiffs behalf from Circuit Court . . . . Lost wages and time held in jail being denied appropriate due process and mental/physical medical treatment the sum of $30,000[.]" Attached to plaintiff's Complaint are two narrative statements which appear to allege prosecutorial and judicial misconduct by the Multnomah County District Attorney and a Multnomah County Judge in connection with a criminal prosecution against plaintiff.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of

the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.  Procedural Deficiencies

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see also</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); cf. Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct").

Plaintiff's Complaint does not satisfy the pleading requirements of Rule 8. Plaintiff's narrative statements frustrate any attempt to ascertain his individual claims against the named defendants.

### II.  Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his

3 - ORDER TO DISMISS

rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Claims Barred by Heck v. Humphrey

Plaintiff appears to allege misconduct in the prosecution of a criminal case against him. It is not clear from the Complaint, however, whether plaintiff has been convicted of any crimes.

A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck has also been applied to pretrial detainees and to claims arising out of pending charges. Alvarez–Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that Heck does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in

4 - ORDER TO DISMISS

a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94 (emphasis added). If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to the extent plaintiff alleges his current confinement is unconstitutional, the Court dismisses plaintiff's Complaint under Heck.

### B. Sovereign Immunity

As noted, in the caption of his Complaint plaintiff identifies the Defendant as the "State of Oregon Circuit Court." "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Savage v. Glendale Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003). Plaintiff's claims against this defendant must therefore be dismissed.

### C. Private Actor

Finally, plaintiff identifies as an additional defendant "C.A.R.E.S. Northwest," which appears to be a private actor. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct[.]" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Under some circumstances, a private individual may act under color of state law. See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (noting four different ways to identify "'state action' for private actors: (1) public function; (2) joint action; (3) governmental

5 - ORDER TO DISMISS

compulsion or coercion; and (4) governmental nexus."). None of those circumstances are alleged here. Accordingly, plaintiff does not state a claim upon which relief may be granted against this defendant.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding. IT IS FURTHER ORDERED that plaintiff's Interlocutory Request for Acquittal (ECF No. 9) and Motion for Default (ECF No. 11) are DENIED.

IT IS SO ORDERED.

DATED this 13 day of January, 2020.

Michael W. Mosman
United States District Judge